UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HARVARD STEEL SALES, LTD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23 CV 406 |
| ) | |
| COIL PROCESSORS, LLC d/b/a ) | |
| ANDES COIL PROCESSORS, ) | |
| ) | |
| Defendant. ) | |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss Count I of plaintiff's complaint. (DE # 16.) For the reasons that follow, the motion is denied.

### I.    BACKGROUND

Plaintiff Harvard Steel Sales, Ltd. filed this breach of contract action against defendant Coil Processors, LLC d/b/a Andes Coil Processors, arising out of the parties' contract for the storage of steel coils. (DE # 1.) Plaintiff is in the business of distributing and processing steel. (*Id.* at 4.) Defendant is in the business of storing, processing, and handling steel. (*Id.*) Plaintiff's complaint alleges that from 2016 to 2023, defendant made binding commitments to plaintiff to securely store, process, and/or handle multiple shipments of steel coils purchased by plaintiff. (*Id.* at 1.) Plaintiff alleges that beginning in 2022, defendant improperly stored, processed, and handled the steel coils, exposing the coils to excess humidity. (*Id.* at 3.) Plaintiff also alleges that defendant's unnecessary and/or careless transportation of the coils within defendant's facility resulted in

physical damage to the steel coils. (*Id.* at 3.) Plaintiff alleges that defendant's actions were in material breach of the parties' agreement.

According to plaintiff, the parties' agreement consisted of: the Bailee Agreement (DE # 1-1), "Transaction Documents" (some of which are attached at DE # 1-2), the parties' course of dealing, the Uniform Commercial Code ("UCC"), and well-established industry standards for flat-rolled carbon steel. (*Id.*) Plaintiff alleges that the Transaction Documents included: (1) bills of lading from the transportation companies or carriers evidencing what was being shipped from the steel mills; (2) documents from defendant identifying what defendant received from the carriers; (3) purchase orders from plaintiff; (4) confirmatory emails between plaintiff and defendant; and (5) invoices from defendant to plaintiff.

The Bailee Agreement provided that defendant "is engaged in the business of processing, transporting, storing, warehousing or otherwise handling [steel coils] and from time to time processes, transports, stores, warehouses or handles certain [steel coils] owned by [plaintiff] for [plaintiff]" and plaintiff may from time to time deliver steel coils to defendant "for processing, transport, storage, warehousing or handling." (DE # 1-1 at 1.) The Bailee Agreement says that defendant's performance is made in exchange "for other good and valuable consideration, the receipt of which is hereby acknowledged," but the Bailee Agreement does not identify any details regarding the amount plaintiff is to pay defendant. (*Id.*)

2

Plaintiff's complaint alleges two counts of breach of contract, only one of which is currently at issue. In Count I, plaintiff alleges that defendant failed to exercise reasonable care with respect to the damaged coils. (DE # 1 at 12.) Defendant now moves to dismiss Count I of plaintiff's complaint. (DE # 16.) This matter is fully briefed and is ripe for ruling.

## II.    LEGAL STANDARD

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

3

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

Under Ohio law,[1] "the elements of a breach of contract claim are the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Hillier v. Fifth Third Bank*, 2020-Ohio-3679, ¶ 24, 154 N.E.3d 1266, 1272 (cleaned up).

Defendant argues that there is no enforceable contract between the parties because the Bailee Agreement did not adequately define the scope of defendant's duties, such as its duty to 'process' and 'handle' the steel coils. (DE # 17 at 5.) The

---

[1] In the briefing on this motion, the parties apply both Ohio and Indiana law. The Bailee Agreement has a choice of law provision stating that Ohio law will govern this agreement. (DE # 1-1 at 4.) In a different section titled "Prompt Delivery of Materials," the Bailee Agreement states that plaintiff has the right to exercise any rights available to it pursuant to "other applicable laws of the state where the Materials are located or the laws governing this Agreement[.]" (*Id.* at 3.) The materials were located in Indiana. For purposes of this motion, the court will apply the choice of law provision in the agreement, and apply Ohio law.

4

parties appear to be in agreement as to this point: the Bailee Agreement does not, alone, constitute an enforceable contract. However, plaintiff has not asserted that the Bailee Agreement comprises the entirety of the parties' agreement. Rather, plaintiff contends that the parties' agreement was comprised of the Bailee Agreement, the Transactional Documents, relevant provisions of the UCC, the parties' course of dealing, and additional oral agreements. (DE # 22 at 5.)

To determine whether the Bailee Agreement was a complete, stand-alone agreement, the court considers whether it was fully integrated. "Courts presume a contract is fully integrated when it appears to be a complete and unambiguous statement of the parties' contractual intent." *Rhoads v. Olde Worthington Bus. Ass'n*, 2024-Ohio-2178, ¶¶ 62-63 (cleaned up). "A contract is partially integrated if the parties adopt it as a final expression of only one portion of a larger agreement, making the contract incomplete. A party may introduce extrinsic evidence to supplement, but not to vary or contradict the written terms of a partially integrated contract." *Mishler v. Hale*, 2014-Ohio-5805, ¶ 30, 26 N.E.3d 1260, 1270 (internal citation omitted). "The question of partial integration must be determined from the four corners of the document itself. Furthermore, in the case of a partial integration, only consistent additional terms may be added, not inconsistent terms." *PNC Bank, N.A. v. Springboro Med. Arts, Inc.*, 2015-Ohio-3386, ¶ 20, 41 N.E.3d 145, 151 (cleaned up).

It is clear that the Bailee Agreement is not a fully integrated, binding contract on the parties; the Bailee Agreement is not a complete and unambiguous statement of the

5

parties' contractual intent. Essential terms, such as the price to be paid for storage, are not contained within the Bailee Agreement. *See Turner v. Langenbrunner*, 2004-Ohio-2814, ¶ 13 ("A valid contract must be specific as to its essential terms, such as the identity of the parties to be bound, the subject matter of the contract, the consideration to be exchanged, and the price to be paid."). Instead, the Bailee Agreement appears to be a framework agreement for further negotiation between the parties, laying a groundwork for the parties' dealings but leaving certain essential elements for later negotiation. In addition to not identifying the price to be paid for storage, the Bailee Agreement states that defendant is to store plaintiff's steel coils "pursuant to the specifications of [plaintiff]" (DE # 1-1 at 1); however, the Bailee Agreement contains no such specifications. *See Mulch Mfg., Inc. v. Advanced Polymer Sols., LLC*, 947 F. Supp. 2d 841, 858-59 (S.D. Ohio 2013) (contract not fully integrated where, for example, agreement was subject to plaintiff's specifications but agreement did not define specifications). The lack of material details in the Bailee Agreement indicates that the parties did not intend for that document to be a complete representation of their agreement.

The next question before the court is whether the plaintiff has adequately alleged that there was a binding contract between the parties. "An agreement is enforceable if it encompasses the essential elements of the bargain." *Waterfront, LLC v. Shia*, 2022-Ohio-3259, ¶ 20 (citations omitted). "Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit

6

and/or detriment), a manifestation of mutual assent and legality of object and of consideration. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16, 96 Ohio St. 3d 1, 3–4, 770 N.E.2d 58, 61 (cleaned up).

Accepting the allegations in the complaint as true, the parties entered into a binding agreement in which plaintiff paid defendant to store its steel coils, and the Bailee Agreement was one part of this broader agreement. The exact shape of the parties' agreement is not clear from the pleadings, but such specificity is not required from a plaintiff at the pleading stage. Any ambiguity in terms can be litigated at a later point in this case.

Defendant argues that plaintiff has failed to allege any breach of their contract because the Bailee Agreement does not contain a requirement that it provide climate-controlled facilities. (DE # 17 at 1-2.) However, the entire scope of the parties' agreement has yet to be ascertained. The court must accept the pleadings as true, and draw all reasonable inferences in favor of plaintiff. Plaintiff has plausibly alleged that defendant would be in breach of the parties' agreement if the property that plaintiff paid to store in defendant's warehouse was damaged while in defendant's custody.

Plaintiff alleges that defendant is in the business of storing, processing, and handling flat-rolled carbon steel, and knew that such steel must be stored in temperature and humidity-controlled environments to avoid corrosion and rust. (DE # 1 at 4-5.) Plaintiff claims that the parties negotiated their agreement with this condition

7

in mind, and that defendant's facility was temperature and humidity-controlled at the time they entered into the agreement, and for several years following their agreement. (*Id.* at 5-7.) Plaintiff's complaint plausibly alleges that the parties' intent in their agreement was that defendant would provide such a facility, and that defendant breached this duty when defendant later failed to control the temperature and humidity in at least one of its warehouses, causing plaintiff's product to rust. (*Id.* at 8.) Plaintiff also alleges that defendant breached its duty of care under the contract by physically damaging both the steel coils and the protective packaging around the steel coils. (*Id.*) The Bailee Agreement states that defendant was to store and handle the steel coils "to [plaintiff's] specifications" (DE # 1-1) and as the record does not contain the full scope of the parties' agreement, it is not clear what these specifications were. Moreover, plaintiff's allegations do not contradict the portions of written agreement that are on the record. Accordingly, the court finds that plaintiff has adequately plead a claim for breach of contract.

Finally, defendant argues that plaintiff has failed to state a claim for consequential damages. Defendant argues that in order for plaintiff to recover lost profits, the amount of lost profits must be demonstrated with reasonable certainty, and plaintiff's complaint "did not substantiate this claim with sufficient facts to demonstrate a reasonable certainty." (DE # 17 at 11.) At the pleading stage, plaintiff is not required to demonstrate lost profits with reasonable certainty.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** defendant Coil Processors, LLC's motion to dismiss Count I of plaintiff's complaint. (DE # 16.) The Court **GRANTS** plaintiff Harvard Steel Sales, Ltd.'s motion for leave to file a sur-reply. (DE # 27.)

**SO ORDERED.**

Date: September 30, 2024

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

9